# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF DOCUMENT DISCREPANCIES

To: ☑ U.S. District Judge / ☐ U.S. Magistrate Judge  Philip S. Gutierrez

From: W. Hernandez                , Deputy Clerk    Date Received: 8/3/16

Case No.: 2:09-cr-01013-PSG-2        Case Title: USA vs. Teodoro Alvarez-Estrada

Document Entitled: NOTICE OF FILING & CERTIFICATE OF CERTICE; MOTION FOR RECONSIDERATION AND APPOINTMENT OF COUNSEL

Upon the submission of the attached document(s), it was noted that the following discrepancies exist:

| | | |
|---|---|---|
| ☐ | Local Rule 5-4.1 | Documents must be filed electronically |
| ☐ | Local Rule 6-1 | Written notice of motion lacking or timeliness of notice incorrect |
| ☐ | Local Rule 7-19.1 | Notice to other parties of ex parte application lacking |
| ☐ | Local Rule 7.1-1 | No Certification of Interested Parties and/or no copies |
| ☐ | Local Rule 11-3.1 | Document not legible |
| ☑ | Local Rule 11-3.8 | Lacking name, address, phone, facsimile numbers, and e-mail address |
| ☑ | Local Rule 11-4.1 | No copy provided for judge |
| ☐ | Local Rule 11-6 | Memorandum/brief exceeds 25 pages |
| ☐ | Local Rule 11-8 | Memorandum/brief exceeding 10 pages shall contain table of contents |
| ☐ | Local Rule 15-1 | Proposed amended pleading not under separate cover |
| ☐ | Local Rule 16-7 | Pretrial conference order not signed by all counsel |
| ☐ | Local Rule 19-1 | Complaint/Petition includes more than 10 Does or fictitiously named parties |
| ☐ | Local Rule 56-1 | Statement of uncontroverted facts and/or proposed judgment lacking |
| ☐ | Local Rule 56-2 | Statement of genuine disputes of material fact lacking |
| ☐ | Local Rule 83-2.5 | No letters to the judge |
| ☐ | Fed. R. Civ. P. 5 | No proof of service attached to document(s) |
| ☑ | Other: | On March 31, 2106, the motion for reduction of sentence was denied. See #423 attached. No papers were submitted on August 2nd. No further pleadings will be accepted, except by order of the Court. |

**Please refer to the Court's website at www.cacd.uscourts.gov for Local Rules, General Orders, and applicable forms.**

## ORDER OF THE JUDGE/MAGISTRATE JUDGE

IT IS HEREBY ORDERED:

☐ The document is to be filed and processed. The filing date is ORDERED to be the date the document was stamped "received but not filed" with the Clerk. Counsel* is advised that any further failure to comply with the Local Rules may lead to penalties pursuant to Local Rule 83-7.

_____       _____
Date                          U.S. District Judge / ~~U.S. Magistrate Judge~~

☑ The document is NOT to be filed, but instead REJECTED, and is ORDERED returned to counsel.* Counsel* shall immediately notify, in writing, all parties previously served with the attached documents that said documents have **not** been filed with the Court.

8/4/16                        [signature]
_____       _____
Date                          U.S. District Judge / ~~U.S. Magistrate Judge~~

* The term "counsel" as used herein also includes any pro se party. See Local Rule 1-3.

COPY 1 -ORIGINAL-OFFICE    COPY 2 -JUDGE    COPY 3 -SIGNED & RETURNED TO FILER    COPY 4 -FILER RECEIPT

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES - GENERAL

| | |
|---|---|
| Case No. | CR09-1013 PSG |
| Date | March 31, 2016 |

Present: The Honorable Philip S. Gutierrez, United States District Judge

Interpreter   n/a

| Wendy Hernandez | Not Reported | Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorney(s) for Defendant(s): | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| 2) Teodoro Alvarez-Estrada | not | | | | not | | |

**Proceedings:** (In Chambers)
**Order Denying Defendant's Motion for Reduction of Sentence**

The Court has read and considered Defendant's motion for reduction of sentence filed December 25, 2015 (dkt. 422). Defendant's motion fails because Amendment 782 affects only USSG § 2D1.1's drug Guideline, and his Guidelines range was calculated using a different Guideline for his non-drug offense.

Defendant's Motion is DENIED.

IT IS SO ORDERED.

cc: USPO/PTS/USM

United States District Court
Central District of California
Los Angeles, Division

---

| | |
|---|---|
| United States of America, | Criminal Number-"Two Point Reduction" |
| Plaintiff, | CR-09-1013-PSG |
| -vs- | Habeas Corpus 2255-Number |
| | CR09-1013-PSG-2 |
| Teodoro Alvarez-Estrada, | Honorable Phillip S. Gutierrez |
| Defendant. | Senior U.S. District Judge, Presiding |

## Notice of Filing

See Attached Service List

Please take notice that on Tuesday, August 2, 2016, Defendant filed with the Clerk of the Court <u>A Dual Motion For Reconsideration For The Above-Captioned Case No. CR-09-1013-PSG; And CR09-1013-PSG-2</u>, as served upon you, herewith.

## Certificate of Service

Teodoro Alvarez-Estrada, Non-Attorney, <u>In Propria Persona</u>, being under oath and in consideration of the penalty of perjury states that all parties entitled to notice were mailed a copy of this notice and all relevant attachments by First Class Mail with proper postage on Tuesday, August 2, 2016, before the hour of 3:00 PM. _Teodoro Alvarez Estrada_
Teodoro Alvarez-Estrada

(1)

# Service List

Office of the Clerk
United States District Court
United States Courthouse, Rm G8
Edward R. Roybal Federal Building
255 East Temple Street
Los Angeles, CA 90012-3332

Honorable Loretta Lynch
United States Attorney General
c/o Madam Leslie Caldwell
Deputy Assistant Attorney General
Criminal Division - Head
United States Department of Justice
935-950 Pennsylvania Ave, NW
Washington, DC 20535-0001

Mr. André Birotte, Jr.
United States Attorney
c/o Mr. Robert E. Dugdale
Assistant United States Attorney
Edward R. Roybal Federal Building
255 East Temple Street
Los Angeles, CA 90012-3332

Mr. John Neil McNicholas
McNicholas Law Office, LLC
464 Palos Verdes Boulevard
Redondo Beach, CA 90277

Mr. Thomas P. Sleisenger, Esq.
Thomas P. Sleisenger Law Offices
1901 Avenue of the Stars, Suite 615
Los Angeles, CA 90067-1314

Ms. Arianne
Western Center For Defense Advocacy
8275 South Eastern Ave, Suite 200
Las Vegas, NV 89123

United States District Court
Central District of California
Los Angeles, Division

---

| | |
|---|---|
| United States of America, <br><br> Plaintiff, <br><br> -vs- <br><br> Teodoro Alvarez-Estrada, <br><br> Defendant. | Case No. CR09-1013-PSG-2 <br> Habeas Corpus -2255 <br><br> Honorable Philip S. Gutierrez <br> U.S. District Judge Presiding. <br><br> Criminal Number-Two Point Reduction <br> CR-09-1013-PSG |

Motion For Reconsideration
And Appointment of Counsel

Now Comes Defendant, Teodoro Alvarez-Estrada, Non-Attorney, Non-Lawyer, Pro Se And Pursuant To Relevant Rules of Civil Procedure And The Sixth Amendment Of The United States Constitution (U.S.C.A., Amend., 6th) Very Respectfully Moves This Honorable Court For Reconsideration Of Its February 15, 2013, (ECF 388) Minutes Order And Additional Relief By Stating The Following:

Preliminary Statement

Defendant Who Has A Limited Understanding of The English Language Has Been Victimized By Officers Of The Court With The Abandonment Of Counsel And The Fraud That Has Been Perpetrated

-1-

upon the Court. It would constitute a miscarriage of justice to allow the Court's decisions to deny two level sentence reduction and to deny Motion to Vacate, Set Aside (ELF 368) without first hearing from Defendant with the constitutionally required benefit of counsel and for the following reasons:

## Introduction

Due process of law requires the government to make certain that the Defendant's Constitutional rights are protected at all times. Defendant's rights have been violated when the government allowed Defendant to appear before the Court without the Constitutional right of Counsel or even allowed the unaware Defendant to be fraudulently represented by a fictitious Defense Law Firm that is not and has never been authorized to engage in the practice of Law.

A Rule to Show Cause, very respectfully must be issued by the Court for "The Western Center for Defense Advocacy" and unlicensed practitioner "Arianne" to explain their criminal contempt of court. The unrepresented Defendant must be appointed Spanish-speaking Counsel and provided an opportunity to be fairly heard, prior to deciding the foregoing stated, issues.

The Constitution provides for the relief, Defendant seeks! There is no harm to the government in the Court granting this Good-Faith Motion.

-2-

## Statement of Relevant Facts

1. On October 1, 2009, Defendant was Indicted on Three (3) Counts of a Nine (9) Count Indictment (ECF #1).

2. On October 14, 2009, Minutes of Arrest on Indictment Hearing (ECF #31) indicates that Non-Spanish Speaking Attorney Mr. John Neil McNicholas was appointed by Honorable Magistrate Judge Andrew J. Wistrich to Represent Defendant (ECF #31).

3. On October 14, 2009, Honorable Andrew J. Wistrich, entered the Order of Detention Without Courtroom Interpreter or Spanish Speaking Lawyer (ECF: #32).

4. On May 3, 2010, Defendant Sought Substitution of Attorney Before Judge Philip S. Gutierrez Because of Counsel Inability To Speak Spanish or to Affectively Communicate With Defendant. (ECF# 146; 148)

5. No Spanish Translator Was Ever Provided To Defendant and Defendant Never Understood the Charges Against Him As Required By the United States Constitution (ECF #1 through ECF #394, et., al.)

6. On May 4, 2010, the Government Was Granted An Ex Parte Application For Expedited Pre-Plea Report (ECF #145).

7. On May 27, 2010, A Plea Agreement Was Filed By the Government (ECF #167).

-3-

8. On June 9, 2010, a Change of Plea/Arraignment was held and Waiver of Indictment was submitted and accepted by the Court (ECF. #175). Nothing was explained to Defendant in his native and only language of Spanish and Defendant never understood the process.

9. On September 27, 2010, Defendant was sentenced by Judge Philip S. Gutierrez without Spanish Translator, Interpreter or Spanish-Speaking Defense Counsel (ECF. #266).

10. On May 6, 2011, Judgment and Commitment Returned Executed Against Defendant (ECF #346) without Defendant understanding the process because of language disparity, constituting an abandonment of counsel.

11. On July 30, 2012, Defendant filed a Motion to Vacate (ECF.# 368).

12. On February 15, 2013, Judge Gutierrez denied said Motion to Vacate (ECF.# 388).

13. On October 25, 2010, Defense Counsel Mr. John N. McNicholas' Motion To Be Relieved of Appointment and for Appointment of New Counsel was granted without Notice, Input or Opportunity for the Spanish-Speaking Defendant to be Heard or Object. (ECF# 282).

14. On November 29, 2010, Mr. Thomas Sleisenger Another Non-

-4-

Spanish Speaking Attorney was appointed by the Court. Defendant was violated by not having Defense Counsel during Critical Stages of his Criminal Defense (ECF.#298).

15. There is no Record Kept by the Clerk of the Court on its Docket Indicating Whether or Not this Court Granted or Received Notice or Withdrawal of Counsel, Mr. Thomas Sleisenger or any Input by Defendant (ECF.#1 through ECF.#368).

16. Defendant's Procedural Default, if any has been Caused by the Court's Abandonment of Counsel and the Erroneous and Unconstitutional Appointment of "Muted Counsel" and Counsel's Failure to Provide Translation and Interpretation (ECF.#1 through ECF.#368, et., al.).

17. The Sixth Amendment Right to Counsel Has Been Violated Throughout Defendant's Proceedings as a Result of the Fatal Error of the Court. Defendant Never Received an Advocate on His Behalf and Only a "Warm Body" to Stand Next to Him while Everyone, Including the Court Spoke in a Native Language Unfamiliar to Defendant.

18. The Sixth Amendment Right to Counsel is Absolute, Warranting Summary Dismissal and Immediate Release.

19. The Supreme Court Has Never Permitted Any Federal Court to Sustain Any Conviction Predicated Upon Fraud on the Court. (Citation Implied).

-5-

20. On December 23, 2015, Defendant's Adult Daughter Sought Replacement Counsel For The English Illiterate Defendant. Defendant's Daughter Was Defrauded As Allowed By The Neglect Of The Government. Exhibits A, B, And C Attached Hereto And Made A Part Hereof.

21. Unknowing To Defendant And His Good Faith Family, The Fictitious, Shell Company, "Western Center For Defense Advocacy" And Operative "Arianne" Accepted Large Amounts Of Money To Represent Defendant Before This Honorable Court.

22. Said Fictitious, Shell Company, Never Appeared For Defendant Before The Court And Prepared Unauthorized Documents On December 23, 2015, And July 19, 2016, As Indicated By U.S. Mail Post-Marks. (Exhibits, B And C)

23. This False And Fraudulent Misconduct Is Criminally Prohibited By The United States Criminal Code, 18 USC, Section 1343, et., al., And The Federal Statute Prohibiting Mail Fraud.

24. Defendant Has Reported The Foregoing Matters To The U.S. Department of Justice In Washington, DC, Honorable, Madam Leslie Caldwell, Deputy U.S. Attorney, Criminal Division Head.

25. Defendant's Unfair Treatment And Personal Constitutional Injury Is Not A Result Of Any Misconduct of Defendant.

## Summary Argument

Defendant's mistreatment goes well-beyond unfair. If reconsideration is not warranted, then justice no longer exist! The circumstances justify a presumption of abandonment of assistance of counsel, and reconsideration.

The Sixth Amendment requires assistance for defendant's defense. This core purpose of the counsel guaranty is without limitations. If no actual assistance for defendant's defense is provided, then, as here, the constitutional guaranty has been violated. No affective communication constitutes no assistance or representation. Accordingly, all three counsel (including the fictitious defense) abandonment of defendant Alvarez-Estrada is per se a violation of the Sixth Amendment. See, United States vs. Cronic, 466 U.S. 648, 658-59, 80 L.Ed 2d 657, 104 S.Ct. 2039 (1984). A neglectful language barrier knowingly or unknowingly violates the absolute right to counsel or caused a procedural default during intense and critical stage of litigation or criminal proceeding "because defendant is deprived, not of effective assistance of counsel, but of any assistance of counsel at trial." See, Castellanos vs. United States, 26 F.3d 717 (April 28, 1994) Cudahy, Easterbrook, and Manion.

Castellanos also teaches that defendant Alvarez-Estrada need not make a preliminary showing of prejudice tantamount to jeopardizing defendant's liberty interest without any legal assistance.

-7-

Reasonable Jurist will most certainly debate whether or not this <u>Habeas</u> Petition should have been resolved in a different manner. The obvious prejudice to Defendant is irrefutable. Defendant Teodoro Alvarez-Estrada has been chronically and repeatedly victimized. He is constitutionally entitled to the relief he seeks.

Wherefore, Defendant Teodoro Alvarez, Non-Attorney, Non-Lawyer, <u>Pro Se</u> (with Limited Inmate Assistance) very respectfully prays for reconsideration of this Court's Minute Order in Chambers (ECF.#388), dated February 15, 2013; (Sentence Reduction) and <u>Habeas Corpus</u>, 28 USC, Section 2255 (Crim. No. CR-09-1013-PSG) and for such additional relief as may be constitutionally warranted. God Bless this Honorable Court. God Bless America!

Very Respectfully Submitted,

*Teodoro Alvarez-Estrada*
Teodoro Alvarez-Estrada
Defendant, Movant, <u>Pro Se</u>
USM Reg. No. 15735-112

Dated: August 2, 2016

Non-Attorney, Non-Lawyer
Defendant, Movant, <u>Pro Se</u>
Teodoro Alvarez-Estrada
Federal Correctional Institute
Rural Route 276 - P.O. Box 1000
Loretto, Pennsylvania 15940

—8—

Federal Correctional Institution
P.O. Box 1000
Loretto PA. 15940

Legal Mail

Office of the Clerk
United States District Court
United States Courthouse, Rm G8
Edward R. Roybal Federal Bldg
255 East Temple Street
Los Angeles, CA 90012-3332

LORETTO PA 15940
AUG -3 2016